NICOLASA RIVERA, Plaintiff and Appellee, v. HERMENEGILDO Vázquez, Defendant and Appellant.

No. 5761. Argued February 1, 1932.—Decided February 3, 1932.

*F. Cadilla & Lens & Susoni* for appellant. *Ulpiano Crespo, Jr.,* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

The appellee has moved for a dismissal of the appeal on four grounds: (1) Because the order complained of is not appealable; (2) because no transcript of the evidence has been filed; (3) because appellant's brief fails to comply with Rules 42 and 43 of this Supreme Court; and (4) because the appeal is frivolous. The appellant has filed an opposition to the motion.

After the judgment decreeing the divorce between the parties to this appeal became final (*firme*), the District Court of Arecibo ruled that the homestead right on a certain property should be awarded to the divorced wife. Such a decision is appealable under subdivision 3 of section 295 of the Code of Civil Procedure because it determines a question that was not settled by the decree of divorce.

For the purpose of this appeal the appellant has presented to us a transcript approved by the judge of the lower court.

from which it appears that at the hearing of the motion in which this appeal originated two documents were introduced in evidence, one of them being the marriage certificate and the other the birth certificate of a son of the said spouses. It can not, therefore, be contended, as claimed by the appellee, that the transcript of the evidence has not been filed.

We have examined the brief filed by the appellant and we find that the same complies with Rules 42 and 43 of this Court, as it contains a faithful and concise statement of the case for the purpose of this appeal, a separate assignment of errors relied on for the appeal, and the argument thereon.

As one of the grounds of appeal urged by the appellant is that the judge who awarded the homestead right to the divorced wife had not before him any evidence enabling him to pass such homestead right in accordance with the equity of the case, it seems to us that it can not be held that the appeal is frivolous.

The motion to dismiss th's appeal must be denied.